RUSSELL–STANLEY HOLDINGS, INC., Plaintiff,

v.

Vincent J. BUONANNO, Defendant.

No. 01 CIV. 8218(WK).

United States District Court, S.D. New York.

April 22, 2002.

Joseph L. Clasen, Robinson & Cole, LLP, New York City, for plaintiff.

Deming E. Sherman, Edwards & Angell, LLP, Providence, RI, Ira G. Greenberg, Edwards & Angell, LLP, New york City, for defendant.

### OPINION & ORDER

WHITMAN KNAPP, Senior District Judge.

Currently before us is plaintiff's motion to disqualify the law firm of Edwards & Angell, LLP from acting as counsel for defendant in this case. In addition, Deming Sherman, a partner of Edwards & Angell, LLP, who works in its Rhode Island office, moves to be admitted pro hac vice for the purpose of acting as counsel to defendant in this case. For the reasons that follow, we deny plaintiff's motion to disqualify and we admit Mr. Sherman pro hac vice for the purpose of representing defendant in this matter.

### BACKGROUND

We assume knowledge of the general factual background of this case as stated in our April 19, 2002 Memorandum & Order.

On July 21, 1998, plaintiff Russell–Stanley Holdings, Inc. ("plaintiff") entered into an agreement with defendant Vincent J. Buonanno ("defendant") to purchase from him New England Container Co., Inc. (the "Company") of which he owned all its outstanding stock (the "Purchase Agreement"). At that time, defendant was also the Company's President and Chief Executive Officer. The law firm of Edwards & Angell, LLP ("Edwards & Angell") represented defendant individually and the Company in connection with the sale. The Company, a signatory to the Purchase Agreement, became a wholly owned subsidiary of plaintiff as a result of the sale. At some point after the execution of the Purchase Agreement, defendant became a director of plaintiff corporation.

After the execution of the Purchase Agreement in 1989, Edwards & Angell continued to represent the Company in connection with several matters, including environmental investigations by the United States Department of Environmental Protection (the "EPA") and Rhode Island Department of Environmental Management. Specifically, the EPA has been investigating hazardous substance contamination on the Company's property resulting from chemicals produced by a concern that used to be located on that same site. Defendant states, and plaintiff does not dispute, that defendant was the officer at the Company who dealt with the attorneys at Edwards & Angell, and that it was he who directed their representation and paid their legal fees pursuant to the indemnification provisions of the Purchase Agreement. At all times, plaintiff was separately represented by outside counsel on the EPA matter. Edwards & Angell never represented plaintiff itself.

In June 2001, Edwards & Angell, at the behest of plaintiff due to the threat of litigation in connection with the Purchase

Agreement, ceased representing the Company on environmental matters. On August 31, 2001 plaintiff filed the instant suit in the Southern District of New York alleging securities fraud, breach of contract, warranty and fiduciary duty, each based upon the claim that defendant made material misrepresentations as to the environmental conditions at the site. Edwards & Angell, who has had an attorney-client relationship with defendant dating back ten years, during which time it represented the Company when defendant was sole shareholder, President and Chief Executive Officer in addition to representing him in his individual capacity, represents him in this litigation. The primary attorney at Edwards & Angell who represented the Company with respect to these environmental matters, even after its sale to plaintiff, was Deming Sherman, one of the attorneys currently representing defendant in this case.

## DISCUSSION

Plaintiff claims that Edwards & Angell, due to its prior representation of the Company, now a wholly owned subsidiary of plaintiff, should be disqualified from representing defendant in this case. It argues that because Edwards & Angell was privy to confidential information directly related to the subject matter of this case its representation of defendant prevents plaintiff from protecting its attorney client privilege in violation with the applicable rules of professional conduct. Furthermore, plaintiff asserts that, given his extensive knowledge of the Company's property, Mr. Sherman should be called as a "prime fact witness" in this case, and for this reason also opposes Mr. Sherman's motion to be admitted pro hac vice.

Under New York law, applicable here, a party seeking to disqualify the counsel of its adversary must prove: (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel; (2) that the matters involved in both representations are substantially related; and (3) that the interests of the present client and the former client are materially adverse. Code of Professional Responsibility DR 5–108(a)(1) (22 NYCRR 1200.27); *Tekni–Plex, Inc. v. Meyner and Landis* (1996) 89 N.Y.2d 123, 131, 651 N.Y.S.2d 954, 674 N.E.2d 663 (citing *Solow v. W.R. Grace & Co.*, 83 N.Y.2d 303, 308, 610 N.Y.S.2d 128, 632 N.E.2d 437 (1994)).

■ However, it does not necessarily follow that courts should disqualify counsel whenever they perceive a breach of the Code of Professional Responsibility, adopted by New York courts. *Commercial Union Ins. Co. v. Marco Int'l Corp.* (S.D.N.Y.1999) 75 F.Supp.2d 108, 110. Furthermore, the Second Circuit requires a high standard of proof on the part of the party seeking to disqualify its opposing counsel. *Gov't of India v. Cook Indus., Inc.* (2d Cir.1978) 569 F.2d 737, 739. The Second Circuit has held that disqualification is only appropriate if a violation of the code gives rise to a significant risk of trial taint. *Glueck v. Jonathan Logan* (2d Cir. 1981) 653 F.2d 746, 748; *Bd. of Educ. v. Nyquist* (2d Cir.1979) 590 F.2d 1241, 1246. It has also held that "before the substantial relationship test is even implicated, it must be shown that the attorney was in a position where he could have received information which his former client might reasonably have assumed the attorney would withhold from his present client." *Allegaert v. Perot* (2d Cir.1977) 565 F.2d 246, 250.

■ Here, it is undisputed that Edwards & Angell not only represented the Company but also represented defendant in his individual capacity in the Purchase Agreement. It is further undisputed that Edwards & Angell continued to represent

the Company in environmental matters after it became a subsidiary of plaintiff, but under the direction of defendant, who paid its bills pursuant to the indemnification provision in the Purchase Agreement. Given these circumstances, we would be hard bent to find that plaintiff could have reasonably thought that any attorney-client information concerning the Company would have been withheld from defendant.

Plaintiff relies on the New York Court of Appeals decision in *Tekni–Plex, Inc. v. Meyner and Landis,* (1996) 89 N.Y.2d 123, 651 N.Y.S.2d 954, 674 N.E.2d 663, in support of its motion. Although that decision granted a motion to disqualify based on similar facts, the facts before us have one very important distinction.[1] In that case, it was clear that the law firm represented exclusively the company regarding environmental compliance matters that were related to the later arbitration, of which there was the potential to use the company's attorney client information, to which the defendant there had not necessarily been privy. *Tekni–Plex* 89 N.Y.2d at 129–30, 651 N.Y.S.2d 954, 674 N.E.2d 663.[2] Here, it seems obvious that defendant was privy to all potential attorney client information since he retained Edwards & Angell pursuant to his agreement to indemnify plaintiff and he further directed the representation of the Company and paid their legal fees. In addition, plaintiff must have known that defendant would receive such information since it was fully aware of defendant's relationship with Edwards

& Angell, including the minor fact that defendant's uncle, Bernard V. Buananno, Jr., is a partner at that firm. Furthermore, plaintiff retained its own attorneys to represent it on the environmental matters, which demonstrates that it thought its interests should be represented by counsel other than Edwards & Angell. This further demonstrates that plaintiff knew to whom Edwards & Angell owed its loyalty; "[u]nlike the typical situation giving rise to a disqualification motion of this sort, it is the client, not the attorney, who has 'changed sides.'" *Kempner v. Oppenheimer & Co.,* 662 F.Supp. 1271 (S.D.N.Y. 1987) (internal quotations and citations omitted); *accord Bass Public Ltd. Co. v. Promus Cos., Inc.,* 92 Civ. 0969(SWK), 1994 WL 9689 (S.D.N.Y. Jan.10, 1994) (denying motion to disqualify a law firm which, after representing a parent corporation and its subsidiary in connection with the sale of the subsidiary, later represented the parent corporation in litigation arising out of the sale).

No purpose would be served by disqualifying Edwards & Angell since it was expected to share with defendant whatever it learned in the course of representing the Company in regard to its environmental matters.

■ Plaintiff also claims that Edwards & Angell should be disqualified since "given his extensive knowledge of the site, Mr. Sherman should be called as a prime fact witness in this case." (Pl.'s Memo in Fur-

1. It is further noted that the Second Circuit is less inclined than state courts to disqualify counsel based on conflicts of interest. *See Bd. of Educ. v. Nyquist* (2d Cir.1979) 590 F.2d 1241, 1246; *see also Commercial Union Ins. Co.,* 75 F.Supp.2d at 110 (recent district court decision reenforcing the Second Circuit standard).

2. Defendant argues that he was Edwards & Angell's "co-client" along with the Company,

an argument that plaintiff disputes. However, we need not find that defendant was in fact a co-client to hold that disqualification is not warranted in this case. Whether Edwards & Angell was representing both the Company and defendant together, or just the Company, through the orders of defendant, does not change our decision to deny plaintiff's motion.

ther Support of its Motion to Disqualify at 8). However, plaintiff does not state anything else in support of calling him as a witness, nor does it make any showing that his testimony would be necessary. *Rosenfield v. Orentreich*, 98 Civ. 2721(TPG), 1998 WL 567750 *4 (S.D.N.Y. Sept.4, 1998) (citing *S & S Hotel Ventures Ltd. P'ship v. 777 S.H. Corp.*, 69 N.Y.2d 437, 515 N.Y.S.2d 735, 508 N.E.2d 647 (1987)). The mere fact that Mr. Sherman's testimony might be relevant or extremely useful is insufficient to warrant his disqualification. *Id.*

## CONCLUSION

For the aforementioned reasons, we deny plaintiff's motion to disqualify and admit Mr. Sherman pro hac vice for the purpose of representing defendant in this matter.

**SO ORDERED.**